IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SHERROD WHITLEY | § | |
| | § | |
| V. | § | A-14-CA-707-SS |
| | § | |
| UNITED STATES OF AMERICA | § | |

# ORDER

Before the Court are Plaintiff Sherrod Whitley's Motion to Return Property, which has been construed as a civil action under Section 1331 of Title 28 of the United States Code (Document No. 1); Whitley's Brief in Support (Document No. 2); Whitley's Amended Complaint (Document No. 10); Whitley's Motion for Discovery (Document No. 20); the Government's Motion for Summary Judgment (Document No. 22); Plaintiff's response (Document No. 23); and the Government's reply (Document No. 24). Whitley, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds the Government's Motion for Summary Judgment should be granted.

## BACKGROUND

On November 18, 2008, Whitley was arrested pursuant to a Criminal Complaint filed in Cause No. A-08-CR-476-SS. Whitley was found in possession of approximately 11 grams of crack cocaine at the time of his arrest. Seven items of jewelry were seized from Whitley's residence by the FBI.

On December 17, 2008, a federal grand jury returned an Indictment, charging Whitley and nine others for violating 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A) (Conspiracy to Possess with Intent to Distribute cocaine and cocaine base in enhanced quantities including 5 kilograms or more

of cocaine and/or 50 grams or more of cocaine base). Whitley pleaded guilty to the charges pursuant to a plea agreement on February 4, 2009. On May 8, 2009, the Court sentenced Whitley to 120 months in prison to be followed by five years on supervised release.

On July 17, 2014, the Court received a Motion to Return Seized Property in Whitley's criminal case. Whitley seeks the return of his property seized at the time of his arrest, specifically jewelry he estimates to be valued at $65,000. Whitley's action was construed as a civil action under Section 1331 of Title 28 of the United States Code, seeking the return of his property. *See Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007) (noting district court properly construed motion for return of property as a civil complaint).

The Government moves for summary judgment. The Government argues Whitley's claims are time-barred. In addition, the Government argues the jewelry was administratively forfeited by the FBI on March 4, 2010, after affording Whitley with notice and ample time to submit a claim.

Attached to the Government's Motion for Summary Judgment is the Declaration of Amy M. Boyd, Paralegal Specialist, Forfeiture and Seized Property Unit (FSPU), Finance Division, Federal Bureau of Investigation. According to Boyd, on January 15, 2009, the FBI sent notice of the seizure and proposed forfeiture of the seized jewelry to Whitley at the Guadalupe County Jail by certified mail, return receipt requested. The return receipt was signed by Debbie Kraft, indicting the notice was received and accepted at the jail on January 20, 2009. Boyd attests Whitley's custody in the Guadalupe County Jail at the time the notice was received at the facility was confirmed. According to Boyd, the FBI also sent notice on January 15, 2009, to Whitley's attorney of record by certified mail, return receipt requested. The return receipt was signed, indicating notice was received and accepted on January 20, 2009. In addition, Boyd asserts the FBI sent notices on January 15, 2009,

to Whitley and Jacqueline Franklin at Whitley's home address. Both notices were received, signed, and accepted by Franklin. Boyd notes the receipts do not indicate the dates of delivery. All the notices explained claims must be filed by February 19, 2009. Boyd also attests on January 30, 2009, February 6, 2009, and February 13, 2009, public notices of the seizure and intended forfeiture of the seized jewelry were published in *The Wall Street Journal*.

The letters and publication were attached to Boyd's affidavit. Both the certified letters and the publications provided written notice of the forfeiture and explained a claimant's right to file a claim of ownership to contest a forfeiture action in court. The certified letters and publications also stated the deadlines by which a claim must be filed and the consequence for failing to file a claim by that date. In addition, the certified letters and publications informed the potential claimant that he or she was entitled to file a petition for remission or mitigation of forfeiture within thirty days of receipt of the notice. The final deadline for filing a claim for the jewelry was March 15, 2009. According to Boyd, no person filed a claim or petition for remission to contest the administrative forfeiture of the jewelry. The jewelry was declared administratively forfeited on March 4, 2010.

## ANALYSIS

A.   Statute of Limitations

The Government first moves for summary judgment arguing Whitley's complaint is barred by the applicable five-year statute of limitations. The Government explains Whitley's challenge of the administrative forfeiture of the seized jewelry is governed by the Civil Asset Forfeiture Reform Act ("CAFRA") of 2000, Pub. L. 106-185, 114 Stat. 202 (2000). CAFRA provides a comprehensive statutory scheme for challenging a civil forfeiture.

Pursuant to 18 U.S.C. § 983(e)(3), any motion to set aside a forfeiture must be filed within five years of final publication of notice of seizure of the property. Whitley asserts the public notices were published for only two consecutive weeks, not three. Whitley concludes the statute of limitations does not apply because the notices were not published for three consecutive weeks. Contrary to Whitley's assertion, the summary judgment evidence clearly shows the Government published notice of the seizure in *The Wall Street Journal* on January 30, 2009, February 6, 2009, and February 13, 2009, with a final claim date of March 15, 2009.

Whitley executed his motion for return of property on July 14, 2014, more than five years after final publication. Accordingly, Whitley's claims are time-barred.

B.   Merits

Alternatively, the summary judgment evidence demonstrates Whitley was afforded due process prior to the administrative forfeiture of the seized jewelry. When CAFRA was enacted in 2000, its statutory provisions became "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5).

Subdivision (e) of Title 18 of the United States Code section 983 provides as follows:

**Motion to set aside forfeiture.—**

(1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—

> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

4

When the government seizes property valued at less than $500,000, it may use administrative forfeiture procedures but must provide notice before forfeiting the property. *United States v. Robinson*, 434 F.3d 357, 362 (5th Cir. 2005) (citations omitted). To satisfy this notice requirement, the government must: (1) publish notice of the administrative forfeiture; and (2) send written notice to any party who appears to have an interest in the seized article. *Id.* (citing *Kadonsky v. United States*, 216 F.3d 499, 503 (5th Cir. 2000)). If no claim is filed, the property is summarily forfeited to the government. *Id.* (citing *Barrera–Montenegro v. United States*, 74 F.3d 657, 660 (5th Cir. 1996)). Once the administrative forfeiture is complete, a district court may review only "whether the forfeiture comported with constitutional due process guarantees." *Id.* (citing *Kadonsky*, 216 F.3d at 503). Due process requires the notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the [forfeiture] action and afford them an opportunity to present their objections." *Id.* (citing *Barrera–Montenegro*, 74 F.3d at 660). Actual notice is not required. *Dusenbery v. United States*, 534 U.S. 161, 170 (2002).

In the case at hand, the Government presents summary judgment evidence showing it sent written notice on January 15, 2009, to Whitley at the Guadalupe County Jail where he was incarcerated and at his home address, and both notices were received. Although Whitley claims he never actually received the notice, the Government's written notice was reasonably calculated to provide Whitley with notice. *See, e.g., Dusenbery*, 534 U.S. at 164 (finding adequate notice when notice was sent to the prison where defendant was incarcerated, to the residence where he was arrested and to another address in the town where his mother lived); *Bailey v. United States*, 508 F.3d 736, 739 (5th Cir. 2007) (finding adequate notice where notice of administrative forfeiture sent to jail where defendant was incarcerated, to address he gave at the time of his arrest and notice was

received at both locations); *see also Chairez v. United States*, 355 F.3d 1099, 1101–02 (7th Cir. 2004) ("Because *Dusenbery* does not require actual notice via acknowledged receipt by the prisoner, the certified delivery and acceptance of the notice of forfeiture by authorized jail personnel reasonably apprised Chairez of the pendency of the forfeiture action."). In addition, the notice of seizure was published for three consecutive weeks in *The Wall Street Journal*. Whitley fails to refute the Government's summary judgment evidence showing the Government's written notice was not reasonably calculated to provide him with notice, the notice was not properly published, or the notice-of-administrative-forfeiture procedures employed in this case violated his right to due process. Accordingly, the Government is entitled to summary judgment.

It is therefore **ORDERED** that the Motion for Summary Judgment [#22], filed by the Government on October 27, 2014, is **GRANTED**.

It is further **ORDERED** that the Motion for Discovery, filed by Plaintiff Sherrod Whitley on September 24, 2014, is **DISMISSED**.

SIGNED this 8th day of January 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT COURT